C-2

CV 13-3459

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x

PIERRE NICOLAS ,

CIVIL ACTION

BLOCK, J.

      Plaintiff,

  - against -

THE CITY OF NEW YORK, NEW YORK CITY
POICE DEPARTMENT, POLICE
OFFICER JEREMIAH WINTERS (shield
No.:9983)

**COMPLAINT**   LEVY, M.J.

Jury Trial Demanded

     Defendants.
-------------------------------x

  1.   Plaintiff, PIERRE NICOLAS, by his attorney, Robert H.

Parker, complains of the Defendants and respectfully sets forth

to this Court as follows:

## PRELIMINARY STATEMENT

  2.   This action is brought pursuant to the provisions of

42.U.S.C.§1983, and, pursuant to claims for, malicious

prosecution, illegal seizure and imprisonment, harassment,

intentional infliction of emotional distress, humiliation,

racial discrimination and the violation of civil rights. The

action arises out of the two false arrests and false

imprisonment of the Plaintiff by defendant Police Officer

Jeremiah Winters employed by the New York City Police

Department.

## JURY TRIAL DEMANDED

3.    Plaintiff demands trial by jury in this action.

## JURISDICTION AND VENUE

4.    This action arises under the 4th, 5th, 6th, 8th and
14th Amendments to the United States Constitution, under 42
U.S.C. §§1983 and 1988 and related State Law.

5.    The jurisdiction of this Court is predicated upon 28
U.S.C. §1331 and §1343(a)(3) and (4), and upon pendent juris-
diction.

6.    Venue lies in this district pursuant to 28 U.S.C.
§1391(b).

## THE PARTIES

7.    The Plaintiff was and still is a resident of Queens,
City and State of New York.

8.    Upon information and belief, and at all times
hereinafter mentioned, the Defendant, City of New York,
(hereinafter referred to as "CITY") was and still is a municipal
corporation and body politic, organized and existing under the
Laws of the State of New York and the Charter of the City of New
York.

9.    Upon information and belief, and at all times
hereinafter mentioned, and on or about February 1, 2010, the
Defendant CITY, by virtue of, under and pursuant to the Laws of

2

the State of New York, and the Charter, and Administrative Code of the City of New York, created and operated The New York City Police Department (hereinafter "NYCPD") for the public benefit and protection of its citizens.

10. Defendant Police Officer Jeremiah Winters shield no.:9983, (hereinafter "Police Officer Winters") who conducted two arrests of the Plaintiff, is a New York City Police officer employed by defendant New York City and based out of the 104 precinct in Queens County New York.

11. At all times relevant hereto, Police Officer Jeremiah Winter mentioned in the prior paragraph was acting under color of State Law and within the scope of his employment.

## THE FACTS

12.     On February 1, 2010, in the county of Queens county, City and State of New York, defendant police officer Winters lacked probable cause or articulable suspicion to arrest, search and imprison Plaintiff Nicolas.

13.     Plaintiff Nicolas is a United States citizen, male and of African American ancestry.

14.     On February 1, 2010, Plaintiff Nicolas just left his Ridgewood Queens apartment to go to a local grocery store. Within minutes after leaving his apartment, he placed an urgent call to 911 for assistance because he was accosted by two male strangers on the street who assaulted him.

15.     Police Officer Jeremiah Winters first arrived on the scene and immediately and wrongfully assumed that plaintiff Nicolas was the perpetrator.

16. At the time of police officer Winter's arrival, the two men were chasing plaintiff in the middle of the roadway.

17.     Plaintiff upon observing the patrol car, ran towards police officer Winter's RMP gesturing at the two strangers chasing him.

18.     The two men who were chasing plaintiff, told police officer Winters that plaintiff was the assailant, even though plaintiff was by himself and was outnumbered two to one.

19.     Plaintiff explained to police officer Winters that the

4

two men had yelled derogatory racial names to plaintiff, and then surrounded plaintiff once he complained.

20. One of the men drew a long hunting knife which plaintiff mistook for a gun.

21. Plaintiff struggled with the individual with the knife and the knife fell to the ground.

22. The knife was recovered by police officer Winters, who vouchered it and never tested it for fingerprints or DNA.

23. Police officer Winters illegally and wrongfully assumed the knife belonged to plaintiff Nicolas and charged him with possession of a weapon, menacing, and harassment.

24. Plaintiff Nicolas was arrested, arraigned, and prosecuted for alleged violent crimes.

25. Later that year, on November 14, 2010, while the above mentioned criminal matter was pending, Police Officer Winters arrested plaintiff Nicolas at his apartment for an alleged assault on an individual.

26. Police officer Winters, under oath, stated in police documents, and in open court, that he recovered a golf club – with blood on it -- outside of plaintiff Nicolas' apartment that was used in an assault on the complainant.

27. Police Officer Winters arrested plaintiff Nicolas again for possession of a weapon and felonious assault.

28. At a suppression hearing, after it was known that the

5

alleged complainant (in the alleged golf club assault), had a blood alcohol content of .17 many hours after the incident, and was noted to have an extremely high amount of cocaine in his system, police officer Winters admitted on the witness stand that the complainant reeked of alcohol.

29.  Meanwhile, in the first criminal matter, on February 7, 2011, a Queens county jury heard all of the evidence, including testimony from police officer Winters, and acquitted plaintiff Nicolas of all charges.

30.  In the second matter, an ethical assistant district attorney, Thomas Rooney Esq, fulfilled his <u>Brady</u> obligations, and notified plaintiff Nicolas' criminal defense attorney that he discovered that police officer Winters fabricated evidence about the golf club.

31.  Furthermore, it was discovered that not one single person complained or stated to police officer Winters that a golf club was used by plaintiff Nicolas to assault or menace anyone.

32.  That charge was completely fabricated by police officer Winters.

33.  On motion by the assistant district attorney, the second criminal matter was dismissed in its entirety.

34.  This ordeal lasted two years and resulted in extreme anguish to the plaintiff, who was facing years in jail.

35.  Police officer Winters fabricated evidence in both

6

criminal matters, immediately assumed that plaintiff was at fault, did not conduct any investigations, disregarded plaintiff's 911 calls.

36.  Further, it is believed that police officer Winters was upset at the jury acquittal in the first criminal matter, and thus was motivated to railroad plaintiff in the second criminal matter.

37.  It was later learned that a fellow police officer refused to go along with police officer Winter's scheme to fabricate evidence, and that led to dismissal of the second criminal matter.

### COUNT ONE

38.  As a direct and proximate result of Defendant police officers' constitutionally offensive conduct in the preceding paragraphs, Plaintiff was caused to be brutally arrested, falsely imprisoned and accused, and malicious prosecuted based of his ancestry.

39.  For intentional infliction of emotional distress, humiliation, embarrassment, shame, and the mental anguish of being detained and subject to a lengthy prosecution, including, but not limited to having to come back and forth to court numerous times, and testifying on his behalf at a jury trial, Plaintiff seeks compensatory damages, and punitive damages in the amount of one million dollars.

## COUNT TWO

40.    Plaintiff    repeats    and    realleges    the    foregoing
paragraphs "1" through "39", inclusive, as if they are fully set
forth herein at length.

41.    The Defendant Police Officer, by having unlawfully and
illegally detained and forcibly shackled the Plaintiff without
probable cause, and to maliciously prosecute him, including
lying under oath at a criminal trial and a suppression hearing,
deprived Plaintiff of the rights, remedies, privileges and
immunities guaranteed to every citizen of the United States of
America, all of which was in violation of 42 U.S.C.§1983. The
rights of the Plaintiff, as guaranteed by the 4th, 5th, 6th, 8th
and 14th Amendments to the United States Constitution, and
related New York State Law have been violated.

42.    The Defendant acted under pretense and color of the
State Law and in his individual official capacities.  The acts
of the Defendant were without authority of law and constituted a
severe abuse of his powers.  Defendants acted intentionally,
willfully, knowingly and with the specific intent to deprive
Plaintiff of his constitutional rights as secured by 42
U.S.C.§1983, and by the 4th, 5th, 6th, 8th and 14th Amendments
to the United States Constitution.

43.    As a direct and proximate result of the misconduct of

the Defendants as afore described, and the wrongful acts and abuses of authority as detailed above, Plaintiff sustained the damages hereinbefore alleged.

44.   Based upon the allegations as set forth herein, Defendants violated Plaintiff's civil rights to be free from false arrest, false imprisonment, malicious prosecution and intentional infliction of emotional distress.

45.   Plaintiff seeks damages in the sum of One Million Dollars and exemplary damages of Five Million Dollars.

## COUNT THREE

46. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through 41" inclusive as if the same were fully set forth at length herein.

47. Upon information and belief, the Defendants have engaged in a long standing and pervasive pattern of constitutionally offensive conduct, including the knowing harassment and prosecution of individuals, without probable cause or authority, and the repeated use of excessive force and abuse, and the failure to conduct even rudimentary investigations, in purportedly performing their duties as employees of the Defendant City.

48. Upon information and belief, the Defendants have engaged in a long pattern of constitutionally offensive conduct, in failing to properly train, supervise, and discipline police officers in proper enforcement of alleged crimes.

49. Upon information and belief and prior to the acts complained of herein, the Defendants City of New York and The New York City Police Department, through supervisory personnel, had knowledge and notice of this pattern of unconstitutional conduct by the individual Defendant police officer Winters, but knowingly failed to take any remedial steps to train, supervise

10

or discipline such individual to prevent the type of conduct to
which they subjected the Plaintiff.

50.   Upon information and belief, the acts complained of by
Plaintiff herein are a direct and proximate result of the
conduct and practices of the Defendants City of New York and/or
the New York City Police Department employees and
representatives, and constituted tacit authorization of, and
gross indifference to, the pattern of unconstitutional conduct
by the individual Defendants, and Defendant City of New York and
its Police Department, and the knowing failure to train,
supervise or properly discipline the individual Defendant.

51.   By reason of the foregoing, the Defendant, the City of
New York and its Police Department have engaged in an official
policy, practice and custom which, through the acts of the
individual Defendants, were in furtherance thereof, and have
deprived Plaintiff of the rights, remedies, privileges and
immunities guaranteed to every citizen of the United States and
were in violation of 42 U.S.C. §1983, and have deprived
Plaintiff of his rights as guaranteed by the 4th, 5th, 6th, 8th
and 14th Amendments to the United States Constitution and
related New York State Law.

52.   As a direct and proximate result of the official
policy, practice and custom of the Defendant City of New York

11

and its Police Department as alleged herein, Plaintiff sustained damages herein before alleged.

53.   Based upon the allegations as set forth herein, the Defendants have violated the Plaintiff's rights to be free from false arrest, false imprisonment, malicious prosecution and intentional infliction of emotional distress.

54.   Plaintiff seeks compensatory damages in the sum of ONE Million Dollars and exemplary damages of an additional Five Million Dollars.

12

WHEREFORE, Plaintiff demands judgment against the
Defendants as follows:

a)    On each Count in such sums as may be determined upon
      the trial of this action, including, but not limited
      to general damages, special damages and punitive
      damages, One Million Dollars compensatory damages and
      Five Million Dollars exemplary damages;

b)    Punitive Damages as to Defendant MUEA, BROOKS and
      COOPER and CITY for intentional conduct as described
      above.

c)    For reasonable attorney's fees pursuant to 42 U.S.C.
      §1988, together with costs and disbursements; and

d)    For such other and further relief as this Court
      may deem just and proper.

Dated:    June 12, 2013

                              Robert H. Parker, Jr.
                              Attorney for Plaintiff

                    By: _____
                          Robert H. Parker (RP-1682)
                          6008 8th Avenue
                          Brooklyn, New York 11220
                          (646) 280-8411
                          (718) 228-4156 fax.

13